**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH TRIBBLE, | 3:08-CV-00216-ECR-VPC |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| JIM GIBBONS, et al., | |
| Defendants. | October 2, 2009 |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' Salling, Bisbee, Baker, and Jackson's motion to dismiss (#30), and defendants' Keith, Trushenski, Donat, Helling, Skolnik, and Gibbons's motion for judgment on the pleadings (#28). Plaintiff opposed the motion to dismiss (#39), and defendants replied (#40). Plaintiff opposed the judgment on the pleadings (#33), and defendants replied (#37). Plaintiff has also filed a "motion for declaratory judgment and judicial notice of matured counterclaim after service of pleading" (#41), and defendants opposed (#42).

The court has throughly reviewed the record and the motions and recommends that defendants' motion to dismiss (#30) be granted, defendants' motion for judgment on the pleadings (#28) be granted, and plaintiff's "motion for declaratory judgment and judicial notice of matured counterclaim after service of pleading" (#41) be denied.

### I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Joseph Tribble ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Nevada State Prison ("NSP") in the custody of the Nevada Department of Corrections ("NDOC") (#9). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of the Fourteenth Amendment, the Eighth Amendment, and the Ex Post Facto Clause of the U.S. Constitution. *Id.* p. 9. Plaintiff's claims arise out of (1) his inability to obtain a timely hearing before the Nevada State

1  Parole Board ("NSPB"), and (2) the procedures used to conduct the hearing. *Id.* pp. 4-9.  Plaintiff
2  names as defendants Governor Jim Gibbons; Howard Skolnik, NDOC Director; Don Helling, NDOC
3  Deputy Director of Operations; William Donat, Warden of NSP; Joy Trushenski, NSP caseworker;
4  Dillyn Keith, NSP Caseworker; Dorla Salling, NSP Chairman; Connie Bisbee, NSPB Commissioner,
5  Mary Baker, NSPB Commissioner; and Susan Jackson, NSPB Commissioner.

6  In count I of his amended complaint, plaintiff alleges that defendants Skolnik, Helling,
7  Donat, Keith, and Trushenski failed to ensure timely preparation of a parole board report which
8  delayed his parole board hearing before the NSPB (#9, p.10). Plaintiff alleges that he was eligible
9  for parole February 10, 2008. *Id.* p. 4. He notes that the NSPB had a practice of conducting parole
10 hearings four months in advance of parole eligibility and that prison officials' failure to prepare a
11 report prevented plaintiff from obtaining a hearing in February 2008. *Id.* pp. 4-5. In June 2008,
12 Governor Gibbons signed into law Senate Bill 4, which changed certain procedural requirements
13 regarding NSPB hearings. *Id.* p. 8. Approximately two months later, prison officials completed the
14 preparation of plaintiff's report, and plaintiff received a parole board hearing on September 10, 2008.
15 *Id.* pp. 6-7. The NSPB denied plaintiff's parole. *Id.* p. 7. Plaintiff argues that the delay in the
16 preparation of the report - from February 2008 to August 2008 - subjected him to the enacted NSPB
17 procedures which deprived him of his Fourteenth Amendment Due Process rights. *Id.*

18 In count II of his amended complaint, plaintiff alleges defendants Salling, Bisbee, Baker, and
19 Jackson, as commissioners of the NSPB conducted plaintiff's parole hearing in plaintiff's absence,
20 thereby violating his due process rights (#9, p. 12). He also alleges that the state statute under which
21 the NSPB operated, S.B. 4, 2008 Leg., 24th Special Session (Nev. 2008) (enacted June 30, 2008)
22 ("Senate Bill 4")[1] violates the Ex Post Facto Clause of the U.S. Constitution. *Id.* In particular,
23 plaintiff maintains that an *in absentia* parole hearing deprived him of his opportunity to obtain parole
24 and alleges violations of his Fourteenth Amendment rights of due process, his Eighth Amendment

25 _____

26  [1]  Prior to June 30, 2008, Nevada Revised Statutes § 213.130 (9) provided: "The Board
    must not deny parole to a prisoner unless the prisoner has been given reasonable notice of the
27  meeting and the opportunity to be present at the meeting." However, Senate Bill 4 suspended these
    procedural requirements by deleting the text of subsection 9 for the period of approximately one
28  year. *See* S.B. 4, Ch. 6, 2008 Nev. Leg., 24th Special Session, § 2.2 (Nev. 2008).

2

1  right against cruel and unusual punishment, and the Ex Post Facto Clause of the U.S. Constitution.
2  *Id.* p. 14.
3      The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff
4  appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit
5  of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also*
6  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.  Discussion**

    **1.  Motion to Dismiss Standard**

10      Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain
11  statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss,
12  a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that
13  is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp.*
14  *v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads
15  factual content that allows the court to draw the reasonable inference that the defendant is liable for
16  the misconduct alleged. *Id.* at 1955.

17      When considering a motion to dismiss for failure to state a claim upon which relief can be
18  granted, the court employs to a two-pronged approach. *Id.* First, the tenet that a court must accept
19  as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.*
20  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*
21  In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable
22  inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."
23  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

24      Under section 1983, a plaintiff must allege that (1) defendants subjected him to the
25  deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or federal law, and
26  (2) that the defendant acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see*
27  *also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).
28  ///

1    **2.    Motion for Judgment on the Pleadings**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed. The motion will be granted only if, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. *Torbet v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir. 2002); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1990).

**B.    Analysis**

Plaintiff alleges deprivations of his Fourteenth Amendment Due Process rights and his Eighth Amendment right against cruel and unusual punishment (#9). Additionally, he alleges that legislative changes subsequent to his conviction violate the Ex Post Facto Clause of the U.S. Constitution. *Id.* The court examines each of these allegations in turn.

**1.    Fourteenth Amendment Due Process**

In counts I and II of his complaint, plaintiff alleges (1) that the delay in his parole board hearing and (2) that the method under which the NSPB conducted the hearing constituted a violation of his due process rights under the Fourteenth Amendment.

**a.    Constitutionally Protected Liberty Interest**

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. A due process analysis proceeds in two steps. "The first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

"A liberty interest may arise from either of two sources: the due process clause itself or state law." *Carver v. Lehman*, 558 F.3d 869, 872 (9th Cir. 2009) (quoting *Toussaint v. McCarthy*, 801 F.2d 1080, 1089 (9th Cir. 1986)). Although a state's provision for the possibility of parole does not create a liberty interest, state statutes may create liberty interests in parole release that are entitled to protection under the Due Process Clause. *Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 11-12 (1979). In *Greenholtz*, the Court noted whether any "state statute provides a protectible entitlement

4

Case 3:08-cv-00216-ECR-VPC   Document 44   Filed 10/02/09   Page 5 of 10

must be decided on a case-by-case basis." *Id.* at 12. The Court has held subsequently that use of mandatory language which creates a presumption that parole release will be granted when designated findings are made constitutes a liberty interest. *See Bd. of Pardons et al. v. Allen et al.*, 482 U.S. 369 (1987).

Courts in the Ninth Circuit have analyzed state statutes to determine whether such statutes create liberty interests. *See e.g., Carver*, 558 F.3d at 878 (holding that Washington law does not create a liberty interest); *Baumann v. Ariz. Dep't of Corr.*, 754 F.2d 841, 843-45 (9th Cir. 1989) (holding that Arizona law does not create a liberty interest in custodial release); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 469-70 (9th Cir. 1989) (holding that Idaho law does not create a liberty interest in parole); *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127-28 (9th Cir. 2006) (holding that California law creates a liberty interest in parole); *Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (same); *McQuillion v. Duncan*, 306 F.3d 895, 901-902 (9th Cir. 2002) (same); *Bermudez v. Duenas*, 936 F.2d 1064, 1065-66 (9th Cir. 1991) (holding that Guam law creates a liberty interest in parole).

Defendants' position is that the Nevada statute does not create any liberty interest in parole, and the court agrees. Nevada law provides:

> The Legislature finds and declares that the release or continuation of a person on parole or probation is *an act of grace of the State*. No person has a right to parole or probation, or to be placed in residential confinement, and it is not intended that the establishment of standards relating thereto create any such right or interest in liberty or property or establish a basis for any cause of action against the State, its political subdivisions, agencies, boards, commissions, departments, officers or employees.

Nev. Rev. Stat. § 213.10705 (2009) (emphasis added). The court finds that the language of the statute is unambiguous and sets forth that Nevada law does not create a liberty interest in parole. The court's reading of the statute is also consistent with the case law of the Nevada Supreme Court's construction. *See Weakland v. Bd. of Parole Comm'rs*, 678 P.2d 1158, 1160 (Nev. 1984) ("The statute only gives rise to a 'hope' of release on parole, and the Board's discretionary decision to deny parole is not subject to the constraints of due process.); *Severance v. Armstrong*, 620 P.2d 369, 370 (Nev. 1980) (holding that Nevada law does not create a constitutionally cognizable liberty interest).

5

1    Therefore, plaintiff has not made any allegations of fact from which the court can infer any
2    Fourteenth Amendment Due Process claim. In Nevada, prisoners have no liberty interest in parole.
3    Because there is no deprivation of a substantive interest, the court need not address the adequacy of
4    the state's procedures.

5          **b.**      **Procedural Rights**[2]

6    Plaintiff appears to argue that defendants failure to adhere to Nevada law governing the
7    preparation of a parole report constitutes a violation of his due process rights (#9). Indeed, Nevada
8    law provides that the Department of Corrections "shall" determine a prisoner's eligibility, notify the
9    parole board of the prisoner's eligibility, and "compile and provide to the Board data that will assist
10   the Board in determining whether parole should be granted." Nev. Rev. Stat. § 213.130(1)(a) - (c)
11   (2009). Additionally, the statutes provide that a prisoner has a right to "reasonable notice" of the
12   parole board meeting and "the opportunity to be present at the meeting." *Id.* at § 213.130(9). In
13   other words, plaintiff argues that defendants' failure to adhere to these procedures amounts to a
14   violation of his due process rights under the U.S. Constitution.

15   However, absent an underlying substantive liberty interest, the procedural rights on which
16   plaintiff relies lack constitutional import. "A liberty interest is of course a substantive interest of an
17   individual; it cannot be the right to demand needless formality." *Olim v. Wakinekona*, 461 U.S. 238,
18   250 (1983) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982)). For example, in
19   *Olim*, prison officials failed to adhere to state rules and regulations regarding procedures for transfer
20   of a prisoner from Hawaii to California. *Id.* at 243. Although the appellate court reasoned that the
21   state's promulgation of rules and regulations created a constitutional liberty interest, the Supreme
22   Court held that a prisoner's transfer from one state to another did not implicate any liberty interest.

---

[2] Senate Bill 4 suspended the procedural requirements of notice to the prisoner and the prisoner's opportunity to be present at the hearing. Therefore, plaintiff's argument that he was denied these procedures when such procedures were not in place at the time of his hearing has no merit. Moreover, as noted in Section II.B.2, these legislative changes did not violate the Ex Post Facto Clause. Nonetheless, for the purposes of this analysis, the court assumes *arguendo* that plaintiff was entitled to such procedural protections as outlined in Nevada Revised Statutes § 213.130(9).

6

*Id.* The Court noted that "[p]rocess is not an end in itself," and that "the State may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice the State does not create an independent substantive right." *Olim*, 461 U.S. at 250; *see Carver*, 558 F.3d at 875 (holding that a state statute outlining options for parole eligibility only gave rise to a procedural right).

Accordingly, plaintiff's argument that defendants' failure to adhere to the procedural requirements of Nevada law does not trigger any protections of the Due Process Clause of the Fourteenth Amendment. Nevada law does not create any substantive liberty interest in the right to parole, and the court cannot compel the NSPB procedures to fashion one. Therefore, such facts in plaintiff's complaint are insufficient to demonstrate that plaintiff has stated a claim for relief under the Fourteenth Amendment.

### 2. Eighth Amendment Cruel and Unusual Punishment

In count II, plaintiff also alleges that the procedures used in his parole board hearing amount to a violation of his Eighth Amendment rights (#9, p. 14). Prisoner claims brought under the Eighth Amendment generally involve conditions of confinement or use of excessive force. *See Wilson v. Sieter*, 501 U.S. 298, 303 (1991); *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Plaintiff's complaint does not raise any facts concerning the conditions of confinement at NSP or excessive force of prison officials. Rather, he appears to merely allege that his continued confinement constitutes an Eighth Amendment violation. Such an allegation is insufficient to overcome a motion to dismiss.

### 3. Ex Post Facto Clause

In count II, plaintiff additionally alleges that Senate Bill 4 violated the Ex Post Facto Clause of the U.S. Constitution (#9, p. 14). Plaintiff alleges that this legislation "worked to plaintiff's extreme detriment by decreasing and depriving plaintiff of a realistic opportunity for parole back to the community . . . ." *Id.* p. 13.

Article I, § 10 of the Constitution forbids the States from passing any "ex post facto Law." The Clause is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts. *Cal. Dep't of Corr. et al. v. Morales*, 514 U.S. 499, 504 (1995). Where an amendment in the law does not increase the "punishment" and leaves untouched the

7

1 prisoner's sentence, this does not violate the Ex Post Facto Clause. *Id.* As the Supreme Court noted:

> [T]he focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' nor ... on whether an amendment affects a prisoner's 'opportunity to take advantage of provisions for early release,' but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable.

*Id.* at 506 n.3.

In this case, plaintiff argues that Senate Bill 4's suspension of certain procedures, namely the opportunity to be present, violated the Ex Post Facto Clause (#9, p. 14). Senate Bill 4 may likely have decreased plaintiff's possibility of parole, but the legislation did not increase plaintiff's punishment. It neither increased the length of his sentence nor postponed plaintiff's eligibility for parole. Senate Bill 4 only changed the methods under which the NSPB conducted hearings. Legislative change that produces a disadvantage to plaintiff does not amount to an *ex post facto* violation. *See Morales*, 514 U.S. at 506 n.3. Therefore, the court finds that passage of Senate Bill 4 did not result in a violation of the Ex Post Facto Clause.

### 4.  **Plaintiff's "Motion for Declaratory Judgment"**

Plaintiff also submits a "motion for declaratory judgment and judicial notice of matured counterclaim after service of pleading" (#41). The court notes its obligation to construe *pro se* pleadings liberally and give plaintiff the benefit of any doubt, but it is unsure what plaintiff seeks by the motion. *See Karim-Panahi*, 839 F.2d at 623. Plaintiff initially appears to request judgment on the grounds that defendants have failed to sign any pleadings (#41, pp. 1-2). Next, plaintiff seeks a declaration from the court that the judgment of his conviction was "defective" and "unconstitutional from day 1." *Id.* pp. 4-5. He also appears to submit this latter claim to the court in the form of a "matured counterclaim after service of pleading." *Id.* p. 5.

First, plaintiff argues that defendants have failed to verify pleadings in compliance with Nevada Revised Statutes § 15.010. *Id.* p. 1-2. However, the Federal Rules of Civil Procedure, not state law, govern the procedures in all civil actions in United States District Courts. Fed. R. Civ. P. 1. Therefore, plaintiff's argument has no merit.

Second, plaintiff argues that his judgment of conviction was unconstitutional. *Id.* pp.4-5.

8

A prisoner's constitutional claim that challenges the fact or duration of confinement must be brought under habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). "Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Given that plaintiff seeks to shorten the duration of his confinement by questioning the integrity of his conviction, he must seek such relief under federal habeas corpus.[3,4]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that: counts I and II fail to state a claim for violation of Fourteenth Amendment Due Process rights because Nevada law creates no liberty interest in parole; count II does not allege sufficient facts to support a violation of plaintiff's Eighth Amendment Rights; count II fails to state a claim for violation of the U.S. Constitution, Article I, § 10, the Ex Post Facto Clause; and plaintiff fails to state valid legal authority in seeking declaratory judgment to invalidate his conviction.

The court recommends that defendants' motion to dismiss (#30) be **GRANTED** as to counts I and II of plaintiff's amended complaint. The court also recommends that defendants' judgment on the pleadings (#28) be **GRANTED** as to counts I and II of plaintiff's amended complaint. The court recommends that plaintiff's "motion for declaratory judgment and judicial notice of matured counterclaim" (#41) be **DENIED**.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days

---

[3] Plaintiff appears to fashion this request as a "matured counterclaim." Since the court finds that "claim" itself is improper, the court need not reach the issue of what constitutes a a "matured counterclaim."

[4] Because plaintiff has not alleged facts sufficient to state a claim, the court need not address qualified immunity issues nor any issues as to immunity of state officials under the Eleventh Amendment.

1  of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and
2  Recommendation" and should be accompanied by points and authorities for consideration by the
3  District Court.
4          2.    This report and recommendation is not an appealable order and any notice of appeal
5  pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants Salling, Bisbee, Baker, and Jackson's motion to dismiss (#30) be **GRANTED** as to counts I and II of plaintiff's amended complaint and that defendants Keith, Trushenski, Donat, Helling, Skolnik, and Gibbons's judgment on the pleadings (#28) be **GRANTED** as to counts I and II of plaintiff's amended complaint.  The court recommends that plaintiff's "motion for declaratory judgment and judicial notice of matured counterclaim" (#41) be **DENIED**.

**DATED:** October 2, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**